**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MF FINANCIAL, LTD.,<br><br>Defendant. | CIVIL ACTION NO.: 11-cv-6204<br><br>Judge: Milton I. Shadur<br><br>Magistrate Judge: Geraldine Soat Brown |

**CONSENT ORDER FOR PRELIMINARY INJUNCTION**
**AND OTHER ANCILLARY RELIEF**

On September 7, 2011, Plaintiff Commodity Futures Trading Commission ("CFTC" or Commission"), filed a complaint seeking injunctive relief, civil monetary penalties and other equitable relief against Defendant MF Financial, Ltd. ("MFFX") for violations of certain registration provisions of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 1 *et seq.* (2006), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Pub. L. No. 111-203, Title VII §§ 701-774, 124 Stat. 1376 (enacted July 21, 2010) ("Dodd-Frank Act"), (to be codified at 7 U.S.C. § 1 *et seq.*), and the Commission Regulations ("Regulations") promulgated thereunder, 17 C.F.R. § 1.1 *et seq.* (2011).

MFFX consents to the entry of this Consent Order for Preliminary Injunction and Other Ancillary Relief ("Order"). MFFX further states that its consent is entered into voluntarily and

that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof to induce it to consent to this Order.

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

1. This Court has jurisdiction over the subject matter of his action and MFFX pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2006), which authorizes the CFTC to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging in or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. MFFX acknowledges receipt of the Complaint and waives formal service of summons.

3. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2006), because MFFX has transacted business in this District and certain transactions, acts, practices, and courses of business alleged in this Complaint occurred, are occurring, and/or are about to occur within this District.

4. MFFX waives the entry of findings of fact and conclusions of law for the purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## I. INJUNCTIVE RELIEF GRANTED

**IT IS HEREBY ORDERED that:**

5. MFFX and all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of MFFX, and all persons insofar as they are acting in concert or participation with MFFX who receive actual notice of this order by personal service or otherwise, shall be prohibited and restrained from, until further order of the Court, directly or indirectly:

a. engaging in any conduct in violation of Section 2(c)(2)(C) of the Act, as amended by the CRA and Dodd-Frank Act, to be codified at 7 U.S.C. § 2(c)(2)(C), including, but not limited to, soliciting or accepting orders from any person that is not an Eligible Contract Participant ("ECP") in connection with off-exchange foreign currency ("forex") transactions; and

b. engaging in any conduct in violation of Regulation 5.3(a)(6)(i), 17 C.F.R. § 5.3(a)(6)(i) (2011), including, but not limited to, offering to be the counterparty to its customers' forex transactions.

**IT IS FURTHER ORDERED that:**

6. MFFX and all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of MFFX, and all persons insofar as they are acting in concert or participation with MFFX who receive actual notice of this order by personal service or otherwise, shall:

a. within two (2) days of receipt of this Order remove or caused to be removed from the Internet all web pages posted or authorized by them to be posted in which they 1) solicit or accept orders or accounts from non-ECPs in connection with forex transactions at MFFX; or 2) offer to be the counterparty to customers' forex transactions;

b. Until further order of this Court, maintain MFFX's website in order to post the below notice on their website, and deliver electronically to all customers who 1) were solicited by MFFX in connection with forex transactions at an RFED; or 2) entered into forex transactions in which MFFX was the counter-party, a notice in writing stating that:

On September 7, 2011, the Commodity Futures Trading Commission (Commission) filed a Complaint against MF Financial, Ltd. (MFFX) in the United States District Court for the Northern District of Illinois (District Court). The Complaint alleges that MFFX violated Section 2(c)(2)(C) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C) and Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. § 5.3(a)(6)(i), by failing to register as an retail foreign exchange dealer prior to engaging in any activities in connection with forex transactions.

The District Court has ordered MFFX to stop, in connection with forex transactions, soliciting customers and offering to be the counterparty to customers until final adjudication of the lawsuit.

Therefore, all open positions in your account will be liquidated, your forex trading account will be closed, and the balance in your account will be returned to you.

**IT IS FURTHER ORDERED that:**

7. MFFX shall proceed to immediately:

a. liquidate or cause to be liquidated all open positions in customer accounts held at Defendant at closing prices for that day as determined by Bloomberg www.x-rates.com, Currenex or www.oanda.com;

b. upon liquidation of all open positions in customer accounts held at MFFX, close each customer account such that no further forex trading can be executed in the customer account; and

c. return to each customer all funds in the customer's account; the funds shall be returned to the customer in the same manner in which they were received by MFFX from the customer (wire, check, etc.).

Failure to follow these procedures will be considered *prima facie* evidence that Defendant is in contempt of court.

**IT IS FURTHER ORDERED** that:

8. Within five (5) days of the issuance of this Order, MFFX shall deliver to the Commission (care of its counsel) a certification in writing that they have complied with the requirements of paragraphs 6 and 7, above. This certification shall include:

a. a list of all web pages removed from the Internet;

b. a copy of MFFX's website showing the notice as set forth in paragraph 6.b, above;

c. a list of all customers to whom the notice as set forth in paragraph 6.b, above, was delivered, the date on which notice was delivered and the means by which notice was delivered;

d. a list of all accounts, by customer name, account number and e-mail address, in which MFFX liquidated open positions, the net realized gain or loss on the liquidated positions and the methodology, as set forth in paragraph 7.a, above, used to liquidate open positions; and

e. a list of all customers and the amount of money sent to each customer representing the final balance in the account, as well as a copy of the means by which the money was sent back to each customer.

**IT IS FURTHER ORDERED** that:

9. Except as specifically provided for in paragraph 7 above, MFFX and all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of MFFX, and all persons insofar as they are acting in concert or participation with

MFFX who receive actual notice of this order by personal service or otherwise, shall be prohibited and restrained from, directly or indirectly:

a. Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, as amended by the CRA to be codified at 7 U.S.C. § 1a);

b. Entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1)), 17 C.F.R. § 32.1(b)(1) (2011)) ("commodity options"), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts"), for their own personal account or for any account in which they have a direct or indirect interest;

c. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts; and

d. Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts.

## II. BOND NOT REQUIRED

**IT IS FURTHER ORDERED** that:

10. Pursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a-1, because the Commission is an agency of the United States of America, no bond need be posted by the Commission.

## III. SERVICE OF ORDER

**IT IS FURTHER ORDERED** that:

11. Copies of this Order may be served by any means, including facsimile transmission, email, United Parcel Service and Federal Express, upon MFFX or any other entity or person that may be subject to any provision of this Order. Jennifer E. Smiley, Joseph Konizeski, and Judith McCorkle, all employees of the CFTC, are hereby specially appointed to serve process, including this Order and all other papers in this cause.

## IV. SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED** that:

12. MFFX shall serve all pleadings, correspondence, certifications or notices required by this Order, and other materials on the Commission by delivering a copy to Jennifer E. Smiley, Senior Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 525 W. Monroe, Suite 1100, Chicago, Illinois 60661.

## V. FORCE AND EFFECT

**IT IS FURTHER ORDERED** that:

13. This Order shall remain in full force and effect until further order of this Court, upon application, notice and an opportunity to be heard, and that this Court retains jurisdiction of this matter for all purposes

## VI. FURTHER COURT HEARINGS

IT IS FURTHER ORDERED that this matter is set for status hearing on

November 8, 2011 at 9 am.

IT IS SO ORDERED.

Dated: September 21, 2011

Milton I. Shadur
United States District Judge

CONSENTED TO AND APPROVED BY:

Date: 16 Sept 2011

Title: Executive Director
MF Financial, Ltd.

Date: September 19, 2011

Jennifer E. Smiley, Senior Trial Attorney
U.S. Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, IL 60661
312-596-0530
312-596-0714 (facsimile)