

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | : |
| | : CIVIL ACTION NO.: 11-cv-6204 |
| Plaintiff, | : |
| | : |
| v. | : Judge: Milton I. Shadur |
| | : |
| MF FINANCIAL, LTD., | : Magistrate Judge: Geraldine Soat Brown |
| | : |
| Defendant. | : |

### [~~PROPOSED~~] DEFAULT JUDGMENT ORDERING A PERMANENT INJUNCTION AND OTHER ANCILLARY RELIEF AND PENALTIES AGAINST DEFENDANT MF FINANCIAL, LTD.

On September 7, 2011, Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint for Permanent Injunction, Civil Monetary Penalties and Other Equitable Relief ("Complaint") against Defendant MF Financial, Ltd. ("MFFX") for violations of certain registration provisions of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 1 *et seq.* (2006), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), 7 U.S.C. § 1 *et seq.* (Supp. III 2009), and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Pub. L. No. 111-203, Title VII §§ 701-774, 124 Stat. 1376 (enacted July 21, 2010) ("Dodd-Frank Act"), (to be codified at 7 U.S.C. § 1 *et seq.*), and the Commission Regulations ("Regulations") promulgated thereunder, 17 C.F.R. § 1.1 *et seq.* (2011).

This matter is now before the Court on Plaintiff's Motion for Default Judgment and Order for Permanent Injunction and Other Ancillary Relief and Penalties Against Defendant MF

Financial, Ltd. ("Motion") pursuant to Rule 55(b). The Court having considered the CFTC's Complaint, Motion, and Memorandum in Support of Plaintiff's Motion for Default Judgment and Order for Permanent Injunction and Other Ancillary Relief and Penalties Against Defendant MF Financial, Ltd.; the Court being fully advised in the premises; and MFFX having had actual notice of the Motion, the Court now issues this Default Judgment Ordering a Permanent Injunction and Other Ancillary Relief and Penalties Against Defendant MF Financial, Ltd. ("Order").

## I. FINDINGS OF FACT

### A. Parties

1. Plaintiff U.S. Commodity Futures Trading Commission is an independent federal regulatory agency charged by Congress with the responsibility for administering and enforcing the provisions of the Act, as amended by the CRA and Dodd-Frank Act, to be codified at 7 U.S.C. §§ 1 *et seq.*, and the Commission's Regulations promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2011).

2. Defendant, MF Financial, Ltd., is a Belize company with a principal place of business in London, United Kingdom. MFFX has never been registered with the Commission in any capacity.

### B. Background

3. On September 7, 2011, the CFTC filed a Complaint against MFFX seeking injunctive and other equitable relief for violations of the Act. That same day, the CFTC also moved for a preliminary injunction and other ancillary relief in this matter.

4. On September 15, 2011, MFFX's director signed a [Proposed] Consent Order for Preliminary Injunction and Other Ancillary Relief which included, among other things, MFFX's

acknowledgement of receipt of the CFTC's Complaint and its waiver of formal service of summons.

5. MFFX failed to plead or otherwise defend the Complaint within the time permitted by Rule 12(a)(1). On December 21, 2011, this Court entered a default against MFFX pursuant to Rule 55(a).

6. The allegations of the Complaint are well-pled and hereby taken as true. This Order is supported by the following facts.

## C. Jurisdiction and Venue

7. The Commission has jurisdiction over the off-exchange foreign currency ("forex") transactions at issue in this action pursuant to Section 2(c)(2)(C) of the Act, 7 U.S.C. § 2(c)(2)(C) (Supp. III 2009).

8. The Court has jurisdiction over MFFX and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. §13a-1 (Supp. III 2009), which authorizes the Commission to seek injunctive relief in a U.S. district court against any person whenever it shall appear that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder, and grants such court jurisdiction to entertain such action.

9. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. §13a-1(e) (Supp. III 2009), because MFFX transacts business in this District, and certain transactions, acts, practices, and courses of business in violation of the Act occurred, are occurring, or are about to occur within this District. Furthermore, an alien may be sued in any judicial district. 28 U.S.C. § 1391(d) (2006).

### D. The Commission Enacted New Regulations Effective October 18, 2010

10. Effective October 18, 2010, the Commission enacted new regulations implementing certain provisions of the Act, as amended by the CRA and the Dodd-Frank Act, with respect to off-exchange forex transactions.

### E. MFFX's Solicitations and Forex Transactions

11. At least between October 18, 2010 and the filing of the Complaint ("relevant period"), MFFX solicited prospective customers in the United States, including in this District, and globally to open leveraged forex trading accounts and trade forex, including through its website, www.mffx.com, which was available to the general public.

12. At least during the relevant period, MFFX's website was hosted on a server in San Antonio, Texas, and its domain name was registered through a domain name registrar in Utah.

13. Through its website, which was available to customers in the United States, MFFX solicited prospective customers in the United States to open leveraged forex trading accounts with MFFX.

14. At least during the relevant period, MFFX made available to prospective customers a United States-based telephone number on the www.mffx.com website, which enabled MFFX to solicit and service customers in the United States.

15. At least during the relevant period, prospective customers of MFFX could apply to open leveraged forex trading accounts through the www.mffx.com website, and "United States" was provided as an option under the drop-down menu in the address section of the application that prospective customers were required to complete.

16. At least during the relevant period, MFFX solicited or accepted orders from individuals with total assets of less than $5 million.

17. At least during the relevant period, MFFX engaged in forex transactions that neither resulted in delivery within two days nor created an enforceable obligation to deliver between a seller and a buyer who have the ability to deliver and accept delivery, respectively, in connection with their lines of business.

18. At least during the relevant period, MFFX Trader Agreements stated that the customer "expressly acknowledges and agrees that a situation may arise from time to time whereby an officer, director, partner, affiliate, associate employee, independent contractor, bank, bank employee, dealer or other person associated with MFFX may be the opposing counter party or broker for a Spot FOREX Transaction conducted in the Account. In addition, MFFX or an affiliate may, when appropriate, take as principal the opposing side of a Spot FOREX Transaction conducted in the Account for which it is also acting as Trader's agent pursuant to the terms hereof."

19. At least during the relevant period, MFFX acted as counterparty by offering and entering into retail forex transactions with its customers on a leveraged or margined basis.

20. At least during the relevant period, MFFX's forex transactions were executed off-exchange and not executed, traded on, or otherwise subject to the rules of a designated contract market or registered derivatives transaction execution facility.

21. At least during the relevant period, MFFX was not exempt from registration as a retail foreign exchange dealer ("RFED") under Section 2(c)(2)(C) of the Act.

## II. CONCLUSIONS OF LAW

### A. Summary

22. On October 18, 2010, the CFTC enacted new regulations implementing certain provisions of the Dodd-Frank Act and the CRA, to be codified at 7 U.S.C. §§ *et seq.*, with respect to off-exchange forex transactions with members of the retail public. 17 C.F.R. § 5.1 *et seq.* (2011).

23. As detailed below, the new regulatory scheme required that a person offering to be, or acting as, the counterparty to certain retail forex transactions register with the Commission as an RFED.

24. As detailed below, the Court finds that MFFX solicited or accepted orders from certain United States customers or prospective United States customers in connection with certain retail forex transactions and acted as the counterparty to retail forex transactions with certain persons, all without being properly registered with the Commission as is required by the Act, as amended by the CRA and Dodd-Frank Act, and the Regulations.

### B. MFFX Solicited or Accepted Orders from Non-Eligible Contract Participants

25. At least during the relevant period, MFFX solicited or accepted orders from persons who were not "eligible contract participants" ("ECPs"), which are defined by Section 1a of the Act, to be codified at 7 U.S.C. § 1a, as individuals with total assets in excess of (i) $10 million, or (ii) $5 million and who enter the transaction "to manage the risk associated with an asset owned or liability incurred, or reasonably likely to be owned or incurred, by the individual."

C. **MFFX Offered or Entered Into Forex Transactions Described in Section 2(c)(2)(C) of the Act**

26. At least during the relevant period, MFFX offered or entered into forex transactions described in Section 2(c)(2)(C) of the Act, , which includes forex transactions offered or entered into with non-ECPs on a leveraged or margined basis that did not result in actual delivery within two day or otherwise create an enforceable obligation to deliver between a seller and buyer that have the ability to deliver and accept delivery, respectively, in connection with their line of business, and with a counterparty that is not exempt from registration under Section 2(c)(2)(C).

D. **MFFX Acted as a Retail Foreign Exchange Dealer**

27. At least during the relevant period, MFFX acted as an RFED, which is defined in Regulation 5.1(h)(1), 17 C.F.R. § 5.1(h)(1) (2011), as any person that is, or offers to be, the counterparty to a retail forex transaction, with certain exceptions not relevant to this matter.

E. **MFFX Violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act**

28. Section 2(c)(2)(C)(iii)(I)(aa) of the Act, 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa) (Supp. III 2009), provides that an entity must be registered if it solicits or accepts orders from a non-ECP in connection with forex transactions at an RFED.

29. At least during the relevant period, MFFX was not registered with the Commission as an RFED as required by Regulation 5.3(a)(6)(i), yet it solicited or accepted orders from non-ECPs in connection with forex transactions described in Section 2(c)(2)(C) of the Act. MFFX, which acted as the counterparty to its forex transactions, is not one of the persons exempt from Section 2(c)(2)(C) of the Act. Accordingly, MFFX violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act.

### F. MFFX Violated Regulation 5.3(a)(6)(i)

30. Regulation 5.3(a)(6)(i), 17 C.F.R. § 5.3(a)(6)(i) (2011), took effect on October 18, 2010 and requires RFEDs, as defined by Regulation 5.1(h)(1), to be registered as RFEDs.

31. At least during the relevant period, MFFX acted as an RFED but failed to register with the Commission as an RFED. Accordingly, MFFX violated Regulation 5.3(a)(6)(i).

### G. Permanent Injunctive and Other Equitable Relief and Penalties Under the Act are Warranted

32. MFFX has engaged, is engaging, or is about to engage in acts and practices that violate Section 2(c)(2)(C)(iii)(I)(aa) of the Act, 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa) (Supp. III 2009), and Regulation 5.3(a)(6)(i), 17 C.F.R. § 5.3(a)(6)(i) (2011).

33. The totality of the circumstances establish that, unless restrained and enjoined by this Court, there is a reasonable likelihood that MFFX will continue to engage in the acts and practices alleged in the Complaint or in similar acts and practices that violate the Act and Regulations. Furthermore, the nature of MFFX's violations and the need to deter others from committing similar violations of the Act and Regulations warrants the imposition of a civil monetary penalty. The imposition of ancillary equitable relief is also necessary to carry out the objectives of the Act and Regulations.

### III. PERMANENT INJUNCTION

**IT IS HEREBY ORDERED THAT:**

34. MFFX, all persons and entities insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of MFFX, and all persons and entities insofar as they are acting in concert or participation with MFFX who receive actual notice of this order by personal service or otherwise, shall be permanently prohibited, enjoined and restrained from directly or indirectly:

    A.    engaging in any conduct in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa) (Supp. III 2009), including, but not limited to, soliciting or accepting orders from any United States customer or prospective United States customer who is not an ECP in connection with forex transactions; and

    B.    engaging in any conduct in violation of Regulation 5.3(a)(6)(i), 17 C.F.R. § 5.3(a)(6)(i) (2011), including, but not limited to, offering to be the counterparty to United States customers' forex transactions without registering with the Commission.

### IV. MFFX WEBSITE

**IT IS FURTHER ORDERED THAT:**

35. MFFX and all persons insofar as they are acting in the capacity of MFFX's officers, agents, servants, employees, and attorneys shall within three days of the date of entry of this Order publish on all websites owned or otherwise maintained by MFFX, including, but not limited to, www.mffx.com, a prominently displayed notice stating, "MFFX does not provide services for United States customers" ("Website Notification").

36. MFFX, all persons insofar as they are acting in the capacity of MFFX's officers, agents, servants, employees, and attorneys, and all persons insofar as they are acting in active concert or participation with MFFX who receive actual notice of this Order by personal service or otherwise, are permanently restrained, enjoined, and prohibited from directly or indirectly contradicting, in any manner whatsoever, the Website Notification.

### V. LIQUIDATION OF UNITED STATES CUSTOMER ACCOUNTS

**IT IS HEREBY ORDERED THAT:**

37. MFFX and all persons insofar as they are acting in the capacity of MFFX's officers, agents, servants, employees, and attorneys shall:

    A.    Within three days of the date of entry of this Order, deliver electronically to all existing United States customers the following notice:

        On _____, 2012, the United States District Court for the Northern District of Illinois ordered MF Financial, Ltd., in connection with forex transactions, to stop soliciting U.S. Customers or offering to be the counterparty to U.S. Customers.

        Therefore, all open positions in your account will be liquidated, your forex trading account will be closed, and the balance in your account will be returned to you.

B.     Liquidate or cause to be liquidated all open positions in accounts of existing United States customers held at Defendant at closing prices for that day as determined by Bloomberg, www.x-rates.com, Currenex or www.oanda.com;

C.     Return to each United States customer all funds in the customer's account in the same manner in which the funds were received by MFFX from the customer;

D.     Transfer any funds not able to be returned to United States customers into an escrow account held for the benefit of United States customers, to be distributed according to further order of this Court.

## VI.    TRADING PROHIBITION

**IT IS FURTHER ORDERED THAT:**

38.    MFFX, all persons and entities insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of MFFX, and all persons and entities insofar as they are acting in concert or participation with MFFX who receive actual notice of this order by personal service or otherwise, shall be permanently prohibited, enjoined and restrained from directly or indirectly:

    A.     trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, as amended, 7 U.S.C. § 1a);

    B.     entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 1.3(hh), 17 C.F.R. § 1.3(hh) (2011)) ("commodity options"), security futures products, and/or forex contracts, for its own personal account or for any account in which it has a direct or indirect interest;

    C.    having any commodity futures, options on commodity futures, commodity options, security futures products, and/or forex contracts traded on its behalf;

    D.    controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, security futures products, and/or forex contracts; and

    E.    soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, security futures products, and/or forex contracts.

## VII.   CIVIL MONETARY PENALTY

**IT IS FURTHER ORDERED THAT:**

39. MFFX is hereby liable for a civil monetary penalty of two-hundred eighty thousand dollars ($280,000), plus post-judgment interest.

40. Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on that day, pursuant to 28 U.S.C. § 1961(a).

41. MFFX shall pay the civil monetary penalty by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, the payment shall be made payable to the Commodity Futures Trading Commission and sent to the following address:

    Commodity Futures Trading Commission
    Division of Enforcement
    Attn: Accounts Receivables – AMZ 340
    E-mail Box: 9-AMC-AMZ-AR-CFTC
    DOT/FAA/MMAC
    6500 S. MacArthur Blvd.
    Oklahoma City, OK 73169
    Telephone: (405) 954-5644

If payment by electronic funds transfer is chosen, MFFX shall contact Linda Zurhorst or her successor at the address above to receive payment instructions and shall fully comply with those instructions. MFFX shall accompany payment of the civil monetary penalty with a cover letter that identifies MFFX and the name and docket number of this proceeding. MFFX shall simultaneously transmit a copy of the cover letter and the form of payment to: (1) the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581; and (2) the Chief, Office of Cooperative Enforcement, Division of Enforcement, Commodity Futures Trading Commission, at the same address.

## VIII. NOTICES

**IT IS FURTHER ORDERED THAT:**

42. Copies of this Order may be served by any means, including facsimile transmission, email, United Parcel Service and Federal Express, upon MFFX or any other entity or person that may be subject to any provision of this Order. Jennifer E. Smiley, Judith McCorkle, and Joseph A. Konizeski, all employees of the CFTC, are hereby specially appointed to serve process, including this Order and all other papers in this cause.

43. All pleadings, correspondence, notices or other materials required by this Order shall be sent to Jennifer E. Smiley, Senior Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 525 W. Monroe, Suite 1100, Chicago, Illinois 60661.

### IX. CONTINUING JURISDICTION OF THIS COURT

**IT IS FURTHER ORDERED THAT:**

44. This Court shall retain jurisdiction over this action to implement and carry out the terms of this Order, to ensure compliance with this Order, and for any suitable application or motion for additional relief within the jurisdiction of this Court.

**IT IS SO ORDERED.**

Dated: __February 1__, 2012

_____
Milton I. Shadur
United States District Judge